## McCOY, et al v. LAKE RIDGE NURSERY & FLOWER SHOP, et al.

Industrial Commission.

July 8, 1955.

Harry Goodmark, West Palm Beach, and Steve Watkins, Tallahassee, for the widow.

F. Malcolm Cunningham, West Palm Beach, for the mother.

Samuel H. Adams, West Palm Beach, for the employer and insurance carrier.

JAMES T. VOCELLE, Chairman and WALTER L. LIGHTSEY, Commissioner.

This cause came on to be heard on the carrier's application for review of a deputy commissioner's order dated January 31, 1955. The only question before the commission is one of attorney fees. The employee died as a result of an accident arising out of and in the course of his employment. The widow, who was living apart from the employee at the time of his death, and the employee's mother asserted claims for death benefits under the Act. The carrier did not deny that it was a compensable injury, giving notice of its willingness to pay compensation when the person or persons entitled thereto were determined by the commission.

The deputy ordered compensation of $14 per week to the widow and $10 per week to the mother. He also ordered the payment by carrier of attorney fees of $600 and $500 to the respective attorneys for the claimants. The sole ground for review is that—"the deputy commissioner erred in allowing attorneys' fees for the claimants' respective counsel under the provisions of section 440.34, in view of the carrier's written notice of its willingness to pay compensation when the person or persons legally entitled thereto were determined by the commission." The deputy stated in his order—"Since the carrier declined to pay the claims 'on or before the twenty-first day after receiving notice of the same,' it is apparent under the plain and unambiguous language of the statute that the carrier is legally liable for the claimants' counsel fees, even though the claims were not controverted."

The commission considered the identical issue in Williams v. Southern Iron & Metal Co., claim #S-122405 [7 Fla. Supp. 128]. In view of the holding of a majority of the commission in that

case, the deputy's order is affirmed. It is ordered that the employer by and through its carrier pay attorneys' fees in the total amount of $300 to claimants' attorneys for representing the claimants before this commission on this application for review, said amount to be equally divided between Steve Watkins and F. Malcolm Cunningham.

JAMES CAMERON, Commissioner (dissenting).

As stated in the order of the majority, the issue presented by the application for review is identical with that considered in Williams v. Southern Iron & Metal Company, claim #S-122405, in which the undersigned dissented from the majority. The only question is whether the carrier, under the circumstances, has, as a matter of law, *declined* to pay a claim on or before the twenty-first day after it has notice of same, so as to obligate itself to pay the claimants' attorneys under section 440.34(1) of the Act.

In the Williams case the claimants were the mother of the deceased employee, on behalf of herself and his minor child, his estranged wife, on behalf of herself and her own child, and a child alleged to be that of the deceased. In the present case the claimants are the mother of the deceased employee and his widow who was living apart from him at the time of death. In each of these cases the carrier did not deny liability for compensation, but gave notice of its willingness to pay compensation when the person or persons entitled thereto were determined by the commission. The reasoning set forth in my dissent in the Williams case is equally applicable to the present one. The controversy is between the claimants—and the carrier should not be expected to pay the fees of attorneys retained by them to settle their respective rights when it has been ready and willing to pay compensation as soon as the respective interests of the parties were determined. Accordingly, I dissent from the order of the majority.